**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4315**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO MAURICE DAVIS, a/k/a Johnathon Mason,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:19-cr-00154-1)

Submitted:  November 19, 2021                                      Decided:  January 10, 2022

Before AGEE and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Abraham J. Saad, GLAZER SAAD ANDERSON LC, Huntington, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, R. Gregory McVey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Maurice Davis entered a conditional guilty plea to possession with intent to distribute fentanyl and heroin, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A), reserving his right to challenge the district court's denial of his motion to suppress evidence seized during a traffic stop on May 15, 2019. On appeal, Davis contends that (1) the traffic stop was illegal because it was initiated based on the mistaken belief that the driver did not possess a valid driver's license, and (2) the stop became illegal because when an officer noticed the aroma of marijuana, the traffic stop turned to the possible presence of illegal drugs, without the officer first determining whether the driver had a proper driver's license. We affirm.

When reviewing a district court's ruling on a motion to suppress, "we review [the district] court's legal conclusions de novo and its factual findings for clear error, considering the evidence in the light most favorable to the government." *United States v. Kolsuz*, 890 F.3d 133, 141-42 (4th Cir. 2018). The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A traffic stop constitutes a seizure under the Fourth Amendment and is thus subject to a reasonableness requirement." *United States v. Williams*, 808 F.3d 238, 245 (4th Cir. 2015) (internal quotation marks omitted). An officer can "extend the detention of a motorist beyond the time necessary to accomplish a traffic stop's purpose[ if] the [officer] . . . either possess[es] reasonable suspicion or receive[s] the driver's consent." *Id.* at 245-46 (internal quotation marks omitted); *see also*

2

*Rodriguez v. United States*, 575 U.S. 348, 355 (2015) (holding that an officer may not conduct unrelated checks in a way that prolongs the traffic stop absent reasonable suspicion).

To show the existence of reasonable suspicion, "a police officer must offer 'specific and articulable facts' that demonstrate at least 'a minimal level of objective justification' for the belief that criminal activity is afoot." *United States v. Branch*, 537 F.3d 328, 337 (4th Cir. 2008) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000)). "[W]e must look at the totality of the circumstances of each case to see whether the detaining officer ha[d] a particularized and objective basis for suspecting legal wrongdoing." *Williams*, 808 F.3d at 246 (internal quotation marks omitted). When an officer performing a traffic stop can detect the odor of an illegal substance coming from the stopped vehicle, the officer then possesses probable cause to search that vehicle. *United States v. Lewis*, 606 F.3d 193, 198 (4th Cir. 2010).

Turning to Davis' first argument, because "sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment," *Hill v. California*, 401 U.S. 797, 804 (1971), an officer's reasonable mistake of fact does not vitiate the Fourth Amendment validity of a traffic stop. *See, e.g.*, *United States v. Nicholson*, 721 F.3d 1236, 1238, 1244 (10th Cir. 2013), *abrogated in part by Heien v. North Carolina*, 574 U.S. 54 (2014); *United States v. Harrison*, 689 F.3d 301, 309 (3d Cir. 2012); *United States v. Chanthasouxat*, 342 F.3d 1271, 1276 (11th Cir. 2003); *United States v. Cashman*, 216 F.3d 582, 587 (7th Cir. 2000); *cf. Heien*, 574 U.S. at 61 (2014) (noting that an officer's mistake of fact typically does not negate the Fourth Amendment validity of a traffic stop). We

3

conclude that the officers, who checked the driver's license status in three states before initiating the traffic stop, made a reasonable mistake of fact that does not negate the Fourth Amendment validity of the traffic stop.

Davis' second argument also fails. As soon as the officers on scene smelled marijuana, they "possessed probable cause to search the vehicle, and they were entitled to order [Davis] out of the vehicle while their search was accomplished." *Lewis*, 606 F.3d at 198 (citations omitted). There is no Fourth Amendment requirement that officers first complete the original purposes of a traffic stop when new circumstances arise that provide the officers with reasonable suspicion that other criminal activity is afoot. *See Branch*, 537 F.3d at 337.

Accordingly, the district court did not err in denying the motion to suppress, and we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*